UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ELENA STRUJAN,
also known as ELENA CHITOIU,

                              Plaintiff,

    -against-

BILL DE BLASIO, Mayor of the City of New
York; WILLIAM J. BRATTON, New York
City Police Commissioner; SCOTT M. STRINGER,
New York City Comptroller; Each Unnamed
Wrongdoer,

                            Defendants.
----------------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
16-CV-3150 (RRM) (SMG)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Elena Strujan, appearing *pro se*, filed this action against defendants as a "Common Law suit" pursuant to "Common Law jurisdiction." (Compl. (Doc. No. 1) at 9–10.)[1] By Memorandum and Order dated March 8, 2017, the Court granted Strujan's application to proceed *in forma pauperis* and dismissed the complaint against defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) with leave to file an amended complaint within 30 days. On April 5, 2017, Strujan filed an amended complaint pursuant to, *inter alia*, 42 U.S.C. § 1983. (Am. Compl. (Doc. 10) at 4.) For the reasons set forth below, this action is dismissed.

## BACKGROUND

      Strujan's original complaint did not include a statement of facts. (*See generally* Compl.) Instead, Strujan included a list of claims and appended numerous documents to the complaint. (Compl. at 11.) The amended complaint also includes a list of claims (*see* Am. Compl. at 9, 23) and also appends over 250 pages of documents. Similar to her original complaint, Strujan does

---

[1] For ease of reference, citations to court documents utilize ECF pagination.

not allege facts to suggest that any of the named defendants had personal involvement in the violation of her constitutional rights. (*See generally* Am. Compl.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a *pro se* complaint, the Court must be mindful that a plaintiff's pleadings should be "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation and internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Boddie v. N.Y. State Div. of Parole*, 285 F.Supp.2d 421, 426 (S.D.N.Y. 2003) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). The Court is required to dismiss an *in forma pauperis* action if the Court determines the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### I.      Section 1983

In order to maintain a § 1983 action, a plaintiff must show that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1984)). 42 U.S.C. § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. This statute "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993); *see also Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999.)

Strujan fails to plead any plausible allegations to support a violation of her constitutional rights under § 1983. (*See* Am. Compl. at 13-15, 18-23.) "It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)). A § 1983 complaint that does not allege the personal involvement of a defendant fails as a matter of law. *See Johnson v. Barney*, 360 F.App'x 199, 201 (2d Cir. 2010) (summary order). Although given an opportunity to amend the complaint, she again relies on a list of claims and conclusory statements. (*See generally* Am. Compl.) Therefore, Strujan has failed to comply with the Court's instruction set forth in the Memorandum and Order dated March 9, 2017.

## II.     Sections 1985 and 1986

As to Strujan's allegations of conspiracy to deprive her of her constitutional rights, the claim is dismissed as to all defendants. Granting Strujan's complaint the liberal reading required, it may be construed as a complaint under 42 U.S.C. § 1985, alleging a conspiracy by two or more persons to deprive her of the equal protection of the laws. However, Strujan has failed to allege facts sufficient to show the existence of any conspiracy designed to deprive her of

her rights. Claims of conspiracy that are vague and provide no basis in fact must be dismissed. *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (finding allegations of conspiracy "baseless" where the plaintiff "offer[ed] not a single fact to corroborate her allegation of a 'meeting of the minds' among the conspirators"); *Webb v. Goord,* 340 F.3d 105, 110–11 (2d Cir. 2003) (to maintain a conspiracy action, the plaintiff "must provide some factual basis supporting a meeting of the minds"); *Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 (2d Cir. 1999) (*per curiam*).

Since Strujan's § 1985 conspiracy claim fails, her § 1986 claim also fails. *See Graham v. Henderson,* 89 F.3d 75, 82 (2d Cir. 1996) (holding that "a § 1986 claim is contingent on a valid § 1985 claim"); *see also Wang v. Office of Professional Medical Conduct*, 228 F.App'x. 17, 19 (2d Cir. 2007). Accordingly, Strujan fails to state a claim for relief under 42 U.S.C. §§ 1985 and 1986.

### III. Title 18

Strujan also seeks to proceed pursuant to various sections of Title 18 of the Federal Criminal Code. However, Strujan cannot bring a civil action to enforce criminal statutes. "Criminal prosecutions are within the exclusive province of the public prosecutor who has complete discretion over the decision to initiate, continue or cease prosecution." *Yashaahla v. M.H.A.N.Y*, No. 05-CV-4963 (JFB), 2006 WL 845586, at *1 (E.D.N.Y. Mar. 29, 2006) (citations omitted). A private citizen does not have a constitutional right to initiate or to compel the initiation of criminal proceedings against another individual. *See Leeke v. Timmerman*, 454 U.S. 83, 86 (1981) (citing *Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973)); *Ostrowski v. Mehltretter,* 20 F.App'x. 87, 91 (2d Cir. 2001). None of the various statutes invoked by Strujan provide for a private right of action. *See, e.g.*, *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (no private right of action under 18 U.S.C. § 242); *Lodrini v.*

4

*Sebelius,* No. 14-CV-3137 (SJF), 2014 WL 2446073, at *4 (E.D.N.Y. May 29, 2014) (18 U.S.C. §§ 241 and 242 do not provide a private cause of action); *Hamilton v. Reed,* 29 F. App'x 202, 204 (6th Cir. 2002) ("no private right of action against the defendants for alleged violations of 18 U.S.C. §§ 1505, 1506, and 1509."); *Garay v. United States Bancorp,* 303 F.Supp.2d 299, 303 (E.D.N.Y. 2004) (obstruction of justice is a criminal matter for which there is no private cause of action) (citations omitted); *Dugar v. Coughlin,* 613 F.Supp. 849, 852 n.1 (S.D.N.Y. 1985) (18 U.S.C. § 2071 does not provide a civil right of action). As such, Strujan's claims brought pursuant to Title 18 of the Federal Criminal Code are dismissed for failure to state a claim.

## CONCLUSION

Accordingly, the case is dismissed for failure to state a claim against defendants pursuant to 28 U.S.C. § 1915(e)(2)(B). Any state law claims are dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment and close this case.

The Clerk of Court is directed to mail a copy of this Memorandum and Order and accompanying judgment to Strujan and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
      March 26, 2019

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge